UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

LEONARD WEIN,

    Plaintiff,

04-14275 CIV-MIDDLEBROOKS

vs.

CASE NO:

BRINKER FLORIDA, INC., a foreign corporation,
d/b/a CHILI'S GRILL & BAR,

    Defendant.
_____/

FILED by _____ D.C.
OCT 04 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## COMPLAINT

Plaintiff, LEONARD WEIN ("Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues BRINKER FLORIDA, INC., a foreign corporation, d/b/a CHILI'S GRILL & BAR, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq. ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 1343.

2.     Venue is proper in this Court, Fort Pierce Division pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Southern District of Florida.

3.     Plaintiff, LEONARD WEIN (hereinafter referred to as "MR. WEIN" is a

-1-

-2-

resident of the State of Florida and is a qualified individual with a disability under the ADA. MR. WEIN suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations. Prior to instituting the instant action, MR. WEIN visited the Defendant's premises, the Chili's Grill & Bar located at 2988 N.W. Federal Highway, Jensen Beach, Florida (the "RESTAURANT"), personally and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to its lack of compliance with the ADA. MR. WEIN continues to desire to visit the RESTAURANT, and intends to do so, but continues to be denied full and safe access due to the barriers to access which continue to exist.

4. The Defendant, BRINKER FLORIDA, INC. ("BRINKER") is a foreign corporation registered to do business in the State of Florida. Upon information and belief, BRINKER is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, to wit: the RESTAURANT.

5. All events giving rise to this lawsuit occurred in the Southern District of Florida, Martin County, Florida.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff re-alleges and re-avers paragraphs 1-5 as if they were expressly restated herein.

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its

requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508 (A).

8.  Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the RESTAURANT owned and/or operated by BRINKER is a place of public accommodation in that it is a RESTAURANT that provides goods and services to the public.

9.  Defendant, BRINKER has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. § 12101 et. seq.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the RESTAURANT owned and/or operated by BRINKER. Prior to the filing of this lawsuit, MR. WEIN visited the RESTAURANT and was denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, MR. WEIN continues to desire to visit the RESTAURANT owned and/or operated by BRINKER, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the RESTAURANT owned and/or operated by BRINKER, in violation of the ADA. MR. WEIN has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. BRINKER is in violation of 42 U.S.C. § 12181 et.seq. and 28 C.F.R. § 36.302 et.seq. and is discriminating against the Plaintiff due to BRINKER'S failure to provide accessibility due to, *inter alia*, the following non-complete list of barriers to access:

    i. The curb ramps at the "accessible" parking spaces protrude into the access aisle;

    ii. The "to go" entrance is not accessible;

    iii. There is no accessible seating in the bar area;

    iv. The entrance doors to the restrooms lack proper signage;

    v. The door to the men's toilet room lacks sufficient maneuvering clearance for wheelchair patrons;

    vi. The lavatory pipes are not insulated;

    vii. The toilet paper dispenser is mounted out of reach range in the "accessible" stall;

    viii. The lavatory in the "accessible" stall blocks the required transfer space next to the water closet;

    ix. The flush valve on the "accessible" water closet faces the narrow side of the stall;

    x. The countertop at the common area lavatory is too high;

13. There are other current violations of the ADA at the RESTAURANT owned and/or operated by the Defendant which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's

representatives can all said violations be identified.

14. To date, the above barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.304, BRINKER was required to make its RESTAURANT, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, BRINKER has failed to comply with this mandate.

16. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by BRINKER pursuant to 42 U.S.C. § 12205.

17. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff, LEONARD WEIN, demands judgment against BRINKER and request the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and/or administered by BRINKER is violative of the ADA;

    B.    That the Court enter an Order directing BRINKER to alter its facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing BRINKER to evaluate and neutralize its policies and procedures towards

      persons with disabilities for such reasonable time so as to allow BRINKER to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 21 day of September, 2004.

      Respectfully submitted,

      SCHWARTZ ZWEBEN & ASSOCIATES, LLP
      205 S.W. Winnachee Drive
      Stuart, Florida 34994
      Telephone: (772) 223-5454
      Facsimile: (772) 463-0778

      By: _____
      Gene R. Zweben, Esq.
      Florida Bar No. 0088919

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED by JH D.C.**
**OCT 0 4 2004**
**CLARENCE MADDOX**
**CLERK U.S. DIST. CT.**
**S.D. OF FLA. - FT. PIERCE**

**I. (a) PLAINTIFFS**
LEONARD WEIN

**DEFENDANT**
BRINKER FLORIDA, INC. dba CHILI'S GRILL & BAR,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Martin
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Martin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Gene R. Zweben, Esq., Schwartz Zweben & Associates, L.L.P., 205 SW Winnachee Drive, Stuart, Florida 34994 (772) 223-5454

**ATTORNEYS (IF KNOWN)**

04-14275 CIV-MIDDLEBROOKS

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** 3 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | B☐ 450 commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers" Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 355 Motor Vehicle Product Liability | B☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| B☐ 153 Recovery of Overpayment of Veteran"s Benefits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | B☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 160 Stockholders" Suits | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (505(g)) | ☐ 894 Energy Allocation Act |
| ☐ 190 Other Contract | **A CIVIL RIGHTS** | **B PRISONER PETITION** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| **A REAL PROPERTY** | ☐ 442 Employment | | B☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | * ☐ 890 Other Statutory Actions |
| | ☐ 443 Housing/ Accommodations | Habeas Corpus: *☐ 530 General | | ☐ 871 IRS-Third Party 26 USC 7609 | * A or B |
| ☐ 210 Land Condemnation | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| B☐ 220 Foreclosure | ✓ 440 Other Civil Rights | *☐ 540 Mandamus & Other | | | |
| ☐ 230 Rent Lease & Ejectment | | ☐ 550 Civil Rights | | | |
| ☐ 240 Torts to Land | | *A or B | | | |
| ☐ 245 Tort Product Liability | | | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. CAUSE OF ACTION
(PLACE AN x IN ONE BOX ONLY)

✓ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Refiled  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P.23    DEMAND $    Check YES if demanded in complaint   JURY DEMAND:  ___ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions)   JUDGE    DOCKET NUMBER

**DATE** 9/29/04

**SIGNATURE OF ATTORNEY OF RECORD**

---

UNITED STATES DISTRICT COURT
S/F   1-2
REV. 6/90

**FOR OFFICE USE ONLY:**
Receipt No. 22/660    Amount: $150.00
Date Paid: 10-4-2004   M/ifp:   Lynch

2:2004CV14275   Middlebrooks-3C4